UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Mebrat Ogbe,**                          Civil No. 10-738 (ADM/JJG)

        Plaintiff,

v.                                  **REPORT AND RECOMMENDATION**

**Michael J. Astrue,**
Commissioner of Social Security,

        Defendant.

---

JEANNE J. GRAHAM, United States Magistrate Judge

Plaintiff Mebrat Ogbe (Ogbe) brings this action contesting the denial of her application for disability insurance benefits (DIB) and/or supplemental security income (SSI) under the Social Security Act. *See* 42 U.S.C. § 405(g). Ogbe is represented by Jeffer Ali and James R. Hietala, Jr., Esqs. The Commissioner is represented by Lonnie F. Bryan, Assistant U.S. Attorney. The Commissioner brought a motion to dismiss for lack of jurisdiction (Doc. No. 10), which was referred to the undersigned for a report and recommendation in accordance with 28 U.S.C. § 636 and D.Minn. L.R. 72.1. For the reasons set forth below, the Court recommends that Defendant's motion be granted.

I.       PROCEDURAL BACKGROUND

Ogbe filed an application for DIB and/or SSI, which was denied on January 4, 2005. (Declaration of Patrick J. Herbst, Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration, Exhibit 1, Doc. No. 12 ("Herbst Decl.") Ogbe failed to appear at a hearing scheduled before an ALJ on September 26, 2006. (<u>Id.</u>, Ex. 4.) On November 21, 2006, the Social Security

Administration (SSA) issued Ogbe a Notice of Hearing Date for a hearing on December 20, 2006.  Id.  Ogbe did not return the Notice of Hearing or appear at the scheduled hearing on December 20, 2006.  (Herbst. Decl., ¶3 and Exs. 1 and 4.)  On May 8, 2007, the ALJ dismissed Ogbe's request for a hearing and stated that the January 4, 2005 denial of her claim remained in effect.  (Id. and Ex. 1.)

On March 5, 2008, Ogbe's representative requested that the Appeals Council review the ALJ's order of dismissal.  (Herbst Decl., ¶3 and Ex. 2.)  Ogbe attached a letter to her request for review, stating that she was out of the country at the time of the hearings because the father of her children died, and she returned his body to his birth country.  (Herbst Decl., Ex. 3.)  She could not return home as soon as she wanted due to pain and headaches.  (Id.)  On January 15, 2010, the Appeals Council dismissed her request for review of the ALJ's dismissal.  (Herbst Decl., ¶3 and Ex. 4.)  The Appeals Council found that Ogbe had not shown good cause for untimely filing of the request for review, which was due sixty days from Ogbe's receipt of the May 8, 2007 notice.[1]  (Id.)  The Appeals Council also found that Ogbe had not provided sufficient documentation that she was out of the country from September 2006 or December 2006 through January 2008.  (Id.)  Therefore, the Appeals Council found that the Agency's January 4, 2005 non-disability determination was the final decision of the Commissioner.  (Id.)

Ogbe asserts that when she returned to the United States, she learned that the hearing before the ALJ was held in her absence, and her attorney attended the hearing, and stated he could not locate her.  (Megrat Ogbe's Br. in Opp'n to the Gov'ts Mot. to

---

[1] The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council.  20 C.F.R. § 404.901.

Dismiss at 2, Doc. No. 20 ("Ogbe's Br.")) On April 21, 2008, Administrative Law Judge Washington's Legal Assistant sent Ogbe a letter, wherein he (1) acknowledged the ALJ received of a letter from Ogbe explaining why she missed her hearing; (2) noted Ogbe's appeal of the ALJ's decision was untimely; (3) stated ALJ Washington would consider her situation; and (4) asked for a copy of her plane ticket showing her travel during the relevant time. (Declaration of James R. Hietala, Jr., ¶5, and Ex. A, Doc. No. 21 ("Hietala Decl.")) Ogbe sent ALJ Washington a copy of her plane ticket, which showed a one way flight to the United States on November 5, 2007. (Id. at ¶6 and Ex. B.) Ogbe never heard from the ALJ again. (Ogbe's Br. at 3.) Almost two years later, the Appeals Council denied review, suggesting that Ogbe's story was not credible because she had not provided documentation showing she was out of the country for the entire period of September or December 2006 through January 2008. (Ogbe's Br. at 3-4, citing Herbst, Decl., Ex. 4 at 2.) Ogbe filed her complaint in this Court on March 12, 2010. Ogbe submitted evidence to this Court, which was never presented to the Appeals Council, including her passport and medical records from Eritrea and Yemen. (Def's Reply to Pl's Br. in Opp'n to Def's Mot. to Dismiss at 3, Doc. No. 23 ("Def's Reply); see Hietala Decl., Ex. C-F.)

## II. DISCUSSION

### A. Legal Framework

Judicial review of final decisions of the Commissioner of Social Security is governed exclusively[2] by 42 U.S.C. § 405(g), which states:

---

[2] In Weinberger v. Salfi, 422 U.S. 749, 756-67 (1975), the Supreme Court held that 42 U.S.C. § 405(h) prevents review of the Commissioner's decisions except as provided in § 405(g).

> Any individual, after any final decision of the
> Commissioner of Social Security made after a hearing to
> which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a
> civil action commenced within sixty days after mailing to
> him of notice of such decision or within such further time
> as the Commissioner of Social Security may allow.

The stages of administrative review that lead to a final decision of the Commissioner are as follows. If an initial determination of a disability claim is unfavorable to the claimant, the claimant can request reconsideration. 20 C.F.R. §§ 404.907-09. If the reconsideration decision is also unfavorable to the claimant, the claimant can request a hearing before an ALJ. 20 C.F.R. §§ 404.429-30. If the ALJ's decision is unfavorable to the claimant, the claimant may request review by the Appeals Council. 20 C.F.R. §§ 404.967-68.

The U.S. Supreme Court has explained the "final decision" requirement for judicial review of the Commissioner's decisions. The Court stated:

> The requirement [of a final decision] is . . . something more
> than simply a codification of the judicially developed
> doctrine of exhaustion. . . . The term "final decision" is not
> only left undefined by the Act, but its meaning is left to the
> [Commissioner] to flesh out by regulation. . . . The
> statutory scheme is thus one in which the [Commissioner]
> may specify such requirements for exhaustion as he deems
> serve his own interests in effective and efficient
> administration.

Weinberger, 422 U.S. at 766.

Under the regulations, a claimant may request Appeals Council review within sixty days after the date the claimant receives notice of the hearing decision or dismissal. 20 C.F.R. § 404.968(a)(1). The notice of the hearing decision or dismissal contains notice of the sixty day appeal period. (Herbst Decl., Ex. 1.) The Appeals Council may

4

dismiss a request for review if it is not timely filed. 20 C.F.R. § 404.971. A claimant may also ask that the time for filing a request for review be extended, but the request must include reasons, and evidence may be presented, why it was not timely filed. Id. at § 404.968(b). The Appeals Council will extend the time period if good cause is shown. Id. If good cause is not shown, the dismissal is not subject to further review. 20 C.F.R. § 404.972. In Smith v. Heckler, 761 F.2d at 519, the Eighth Circuit held that only timely requests for Appeals Council review of dismissals are reviewable by the district court.

### B. The parties' contentions

Defendant moves to dismiss Ogbe's complaint for lack of jurisdiction, alleging Ogbe did not complete the administrative process for appealing denial of her application for disability benefits, which is necessary to obtain review of the Agency's decision pursuant to 42 U.S.C. § 405(g). Defendant asserts that under 20 C.F.R. §§ 416.1481 and 422.210,[3] judicial review of a final agency decision is available only if the claimant receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying her request for review. Defendant cites Smith v. Heckler, 761 F.2d 516, 519 (8th Cir. 1985) for the proposition that an Appeals Council dismissal of an untimely request for review is not a judicially reviewable final agency decision. Defendant also contends Ogbe has no constitutional basis for judicial review, but she still has an administrative remedy available, because she can submit new evidence to the

---

[3] 20 C.F.R. § 416.1481 provides that a claimant may file an action in federal district court within sixty days of receiving notice of the Appeals Council's action of either denying a request for review, or granting the request and making a decision. 20 C.F.R. § 422.210 states that a claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or the Appeals Council makes a decision that is the final decision of the Commissioner.

5

Appeals Council and ask it to vacate its decision regarding her untimely request for review.

Ogbe opposes the motion to dismiss for three reasons. First, Ogbe contends the ALJ's action of sending a letter to her stating he would consider her reasons for untimely appeal and asking for a copy of her plane ticket was a reconsideration of her claim. Ogbe contends the Appeals Council's denial after reconsideration is judicially reviewable. Ogbe reasons that because the case was pending before the ALJ when the Appeals Council dismissed the case, then "the Appeals Council's dismissal cannot be anything other than a denial on the merits." (Ogbe's Br. at 5.) Ogbe also describes the Appeals Council's dismissal as notice that the ALJ's "insufficient reconsideration proceeding" ended and a "preemptive decree" that the Appeals Council would not review the result of that proceeding. Ogbe cites <u>Jelinek v. Heckler</u>, 764 F.2d 507, 508-09 (8th Cir. 1985) for the proposition that the Court can review the SSA's action after the agency reconsiders an issue on the merits. (Ogbe's Br. at 7.)

Second, Ogbe contends the Appeals Council's dismissal is a decision on the merits, because the Appeals Council weighed evidence and made findings of fact. Ogbe distinguishes <u>Smith</u>, because, here, there is no evidence showing when Ogbe received notice of the ALJ's denial of her claim for benefits. Thus, Ogbe contends the Appeals Council made a factual finding that she received notice of the dismissal more than sixty days before she filed her appeal, and concludes this was a decision on the merits of Ogbe's petition for good cause. (Ogbe's Br. at 10).

Third, Ogbe asserts this Court has jurisdiction because she seeks review of the SSA's deprivation of her constitutional right to a hearing. Specifically, Ogbe contends

the Court has jurisdiction under 28 U.S.C. § 1331 to determine whether the Appeals Council denied her right to due process by refusing to let her be heard on the issue of the timeliness of her request to review the ALJ's dismissal of her claim. Ogbe cites Kunsman v. Bowen, 1988 U.S. Dist. Lexis13540, at *1 (E.D. Pa. Nov. 29, 1988)[4] for the proposition that judicial review is available when a request for review to the Appeals Council is dismissed.

In Reply, Defendant contends Jelinek v. Heckler, 764 F.2d 507 (8th Cir. 1985) is distinguishable because in that case, unlike here, the ALJ considered the substantive merits of whether the claimant was disabled. In response to Ogbe's argument that she was never given the opportunity to demonstrate good cause for the untimeliness of her request for review, Defendant asserts Ogbe may still ask the Appeals Council to vacate its dismissal of her request for review and present new evidence to it. Defendant also asserts Kunsman is not binding on this Court, and was incorrectly decided. Finally, Defendant contends Ogbe has not raised a colorable constitutional claim because, like in Smith, Ogbe had the opportunity to have the Appeals Council consider her untimely request for review, which is all the Due Process Clause requires.

    **C. Analysis**

        **1. Whether the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).**

Only timely requests for Appeals Council review of dismissals by the ALJ are judicially reviewable. Smith, 761 F.2d at 519. Thus, the Appeals Council's determination that Ogbe did not have good cause for late filing of her request for review is not judicially reviewable, because Ogbe did not complete all of the steps of the

---

[4] The Court will use the Westlaw cite for the same case, Kunsman v. Bowen, Civ. A. No. 88-2194, 1988 WL 127700 (E.D.Pa. Nov. 30, 1988).

administrative review process. Id.; Martin v. Astrue, No. 4:08CV1011 FRB, 2009 WL 1259243 at *3 (E.D.Mo. May 5, 2009). Furthermore, the Court does not have jurisdiction to review the question of when Ogbe received notice of the ALJ's dismissal, which triggers the sixty day period to request review by the Appeals Council. See Records v. Astrue, Civil No. 09-5224, 2010 WL 749559, at *3 (W.D. Ark. Mar. 3, 2010) (finding judicial review not available where plaintiff challenged Appeals Council's untimeliness finding because she did not receive notice that was mailed to her last residence).

Ogbe makes several arguments that the Appeals Council's good cause determination was a decision on the merits of her claim and is, therefore, judicially reviewable under Jelinek. Ogbe misapplies Jelinek. In Jelinek, the court held that judicial review was appropriate because the ALJ considered the merits *of the plaintiff's disability claim*, even after he concluded Jelinek's earlier application could not be reopened. Jelinek, 764 F.2d at 508-09. Ogbe's case is distinguishable because neither the ALJ nor the Appeals Council considered the merits of whether Ogbe was disabled under the Social Security Act. "Congress' determination to limit so judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." Califano v. Sanders, 430 U.S. 99, 108 (1977). Therefore, consideration of the merits of good cause for untimely filing of a request for review is not the type of agency decision that is judicially reviewable. See Smith, at 761 F.2d at 518 (dismissal of request for review by Appeals Council does not address merits of the claim and cannot be considered appealable); Sheehan v. Sec. of Health, Ed., & Welfare, 593 F.2d 323, 327 (8th Cir. 1979) (stating Appeals Council made discretionary determination on "good cause" for untimely claim, and judicial review of

8

that decision would mean the Commissioner's orderly procedures for processing disability claims meant little or nothing.)

### 2. Whether the Court has jurisdiction over Ogbe's constitutional due process claim.

Plaintiff cites Kunsman for the proposition that judicial review is available under the Due Process Clause of the Fifth Amendment when a request for review to the Appeals Council is dismissed without a hearing and without the Appeals Council investigating whether good cause for the late filing existed. Kunsmen is a district court case from the Eastern District of Pennsylvania, therefore; it is not binding on this Court. Furthermore, the Eighth Circuit rejected an almost identical challenge in Smith, as follows.

> [T]he Supreme Court stated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), which involved the constitutionality of the procedures under which Social Security Disability benefit payments could be terminated: "All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard,' *Goldberg v. Kelly*, [397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)], * * * to insure that they are given a meaningful opportunity to present their case." Id. at 349, 96 S.Ct. at 909 (citation omitted).

Smith, 761 F.2d at 519, n.3.

"When actions of the [Commissioner] are challenged on colorable constitutional grounds that are collateral to the substantive claim for benefits, the requirement of exhaustion of remedies is waivable by the Court." Gipson v. Harris, 633 F.2d 120, 122 (8th Cir. 1980). Here, Plaintiff was given a meaningful opportunity to present written evidence to the Appeals Council, and she did so. The fact that she did not submit evidence sufficient to satisfy the Appeals Council that there was good cause for her late

9

filing, and she now has additional evidence she would like to submit, does not establish she was deprived of the meaningful opportunity to be heard. Furthermore, the Due Process Clause does not require an oral hearing on the Appeals Council's determination that there was not good cause for Ogbe's late filing of her request for review. See Cunningham v. Railroad Retirement Board, 392 F.3d 567, 577 (3rd Cir. 2004) ([t]he decisions in *Goldberg*[5] and *Mathews*[6] cannot stand for the broad proposition that administrative agencies, when revoking property interests, must provide oral hearings to claimants at every step of the review process regardless of whether requests for such hearings were made.) Finally, there is still an administrative remedy available to Ogbe because she can submit new evidence to the Appeals Council and request that it vacate its decision. See Def's Reply at 1 (citing Hearings, Appeals and Litigation Law Manual (HALLEX) I - 3- 4- 50 *available at* http://www.socialsecurity.gov/OP_Home/hallex/I-03/I-3-4-50.html).

The Court finds Ogbe has not presented a colorable constitutional claim upon which this Court has jurisdiction. For the reasons discussed above, this Court lacks jurisdiction over Plaintiff's claims.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. No. 10) be GRANTED.

2. The case be dismissed for lack of jurisdiction.

3. Judgment be entered.

---

[5] Goldberg v. Kelly, 397 U.S. 254 (1970).

[6] Mathews v. Eldridge, 424 U.S. 319 (1976).

Dated this 27th day of December, 2010.

  s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **January 12, 2011**. A party may respond to the objections within 14 days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.