UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mebrat Ogbe,

       Plaintiff,

  v.                                           **ORDER**
                                                Civil No. 10-738 ADM/JJG

Michael J. Astrue,
Commissioner of Social Security,

       Defendant.

_____

James R. Hietala, Jr., Esq., and Jeffer Ali, Esq., Carlson, Caspers, Vandenburgh & Lindquist PA, Minneapolis, MN, for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.
_____

       This matter is before the undersigned United States District Judge for a ruling on Plaintiff Mebrat Ogbe's ("Ogbe") Objections ("Objections") [Docket No. 27] to Magistrate Judge Jeanne J. Graham's December 27, 2010 Report and Recommendation ("R&R") [Docket No. 25]. Judge Graham recommended that the Commissioner of Social Security's ("Defendant") Motion to Dismiss [Docket No. 10] be granted. Based on a de novo review of the record, Ogbe's Objections are overruled and the R&R is adopted.

       Judge Graham correctly stated that "only timely requests for Appeals Council review of dismissals by the [Administrative Law Judge ("ALJ")] are judicially reviewable." R&R at 7 citing Smith v. Heckler, 761 F.2d 516, 519 (8th Cir. 1985). "Where a claim has been nevertheless reconsidered on the merits, however, it is properly treated as having been reopened as a matter of administrative discretion." Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir. 1985). Judge Graham concluded that "neither the ALJ nor the Appeals Council considered the merits of

whether Ogbe was disabled under the Social Security Act." R&R at 8.  Instead, the Appeals Council dismissed Ogbe's request for review as untimely.  Herbst Decl. [Docket No. 12] Ex. 4.  Therefore, Judge Graham properly determined that the Appeals Council's dismissal is binding and not capable of further judicial review.  R&R at 7-8.

In her Objections, Ogbe argues that whether the Social Security Administration considered the merits of Ogbe's disability claim is unknown because the government has no record of the ALJ's action in this case.  Objections at 1, 3-6.  Ogbe argues that, because the government cannot affirmatively demonstrate that the ALJ did not consider the merits of her claim, Ogbe should receive the benefit of doubt, and the Court should either assume the ALJ reached the merits of Ogbe's claim thereby permitting jurisdiction over Ogbe's appeal, or grant her jurisdictional discovery to resolve this uncertainty.  Id. at 4-6.

"The burden of proving subject matter jurisdiction falls on the plaintiff."  V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).  Ogbe merely speculates that the ALJ considered the merits of her disability claim but provides no evidence to support her belief.  Ogbe argues that information regarding whether the ALJ made a merits determination is in the government's exclusive custody.  Objections at 5.  However, if a merits determination occurred, notice would likely have been sent to Ogbe or her representative directly, but neither she nor her representative have produced such documentation.  In any case, it is Ogbe's burden, not Defendant's, to prove that the ALJ made a determination on the merits of Ogbe's disability claim; absent any such evidence, Ogbe's argument must fail.

Ogbe next argues that Judge Graham improperly decided that the existence of a vacature process bars her appeal.  Objections at 6-7.  However, in response to Ogbe's contention that

judicial review is available pursuant to the Due Process Clause of the Fifth Amendment, Judge Graham concluded that Ogbe's due process rights were not violated because she was afforded a meaningful opportunity to be heard by the Appeals Council.  R&R at 9-10.  Judge Graham's mention of a remaining administrative remedy does not alter her conclusion that Ogbe failed to establish a constitutional claim.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ogbe's Objections [Docket No. 27] are **OVERRULED**;

2. The R&R [Docket No. 25] is **ADOPTED**;

3. Ogbe's Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 5, 2011.